UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-162 |
| | ) | (VARLAN/SHIRLEY) |
| LUIS MERAZ-JAQUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* letter [Doc. 24] requesting that the Court appoint him new counsel for his sentencing. In his letter, the defendant states that he is dissatisfied with his present, court-appointed counsel and believes that she did not do her job to the best of her ability. The parties appeared before the Court on May 16, 2005. Assistant United States Attorney David Jennings represented the government. Assistant Federal Defender Paula Voss appeared for the defendant, who was also present. The defendant confirmed that he no longer wanted to be represented by Ms. Voss for the reasons stated in his letter. The government stated that it had no objection to the defendant's request for a new attorney.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir.

1

1985). At a May 9, 2005 hearing [Doc. 25], District Judge Varlan granted the defendant's request for a new attorney, directing that a CJA panel attorney be appointed for the defendant. The Court also concludes that good cause exists to allow Ms. Voss to withdraw and to appoint new counsel for the defendant. The Court finds that the communication between the defendant and Ms. Voss has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, the Court reaffirms that the defendant's *pro se* request for new counsel [**Doc. 24**] is **GRANTED**, and Ms. Voss is relieved as counsel of record.

Attorney A. Philip Lomonaco was present in the courtroom and agreed to accept representation of the defendant. The defendant agreed to Mr. Lomonaco's representation. The Court substitutes and appoints Mr. Lomonaco under the Civil Justice Act (CJA) as counsel of record for the defendant. The Court reset the sentencing hearing to **June 8, 2005, at 1:30 p.m.**, before District Judge Varlan.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge