UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LUIS ALFREDO MERAZ-JAQUEZ,

    Petitioner,

v.                                                                   No.:   3:05-cv-532
                                                                                       3:04-cr-162

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is DIRECTED to serve a copy of the motion and this Memorandum Opinion and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

The petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and was sentenced to a term of imprisonment of 120 months. He now claims that the court lacked jurisdiction to render judgment, because the section of the U.S. Code charged in the indictment does not have the Congressional enactment clause; petitioner also claims that, because the code section lacked authority, the judgment of conviction is facially void.

Petitioner's claims are frivolous. *See, e.g., Goldsby v. United States*, No. 04-3340, 2005 WL 2572362 (6th Cir. October 12, 2005).

> Goldsby argues that since Congress has not enacted Title 21 into positive law, his conviction under 21 U.S.C. § 841 is invalid. As the district court noted, this claim is frivolous.
>
> Goldsby is referring to the fact that Congress has not approved the specific placement of the underlying legislation into Title 21 of the U.S.Code. However, this is by no means uncommon....
>
> ...
>
> Congress's failure to approve the specific placement of Title 21 does not affect the validity of the underlying legislation. As the Tenth Circuit has noted, "the fact that Title 21 has not yet been 'revised, codified, and enacted into positive law' in accordance with the legislative agenda noted in the preface to the United States Code does not render the substantive law it records a nullity." Thus, challenges on these grounds are frivolous.

*Id.*, 2005 WL 2572362 at **7-8 (quoting *Wilson v. United States*, No. 90-6341, 1991 WL 216477 at *1 (10th Cir. October 23, 1991)).

It plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that the petitioner is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  The petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE